IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENTES WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-0788-MJR-SCW |
| | ) | |
| MICHAEL P ATCHISON, | ) | |
| CEDRIC A MCDONNOUGH, | ) | |
| A HOOD, | ) | |
| C/O ULEN, | ) | |
| HUDSON, | ) | |
| C/O BAKER, | ) | |
| LINDA WHITESIDE, | ) | |
| ANGELA GROTT, | ) | |
| KIMBERLY BUTLER, and | ) | |
| UNKNOWN PARTY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ADOPTING
## REPORT AND RECOMMENDATIONS

**REAGAN, Chief Judge:**

### A. Introduction and Background Facts

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), filed this 42 U.S.C. § 1983 complaint against numerous Defendants, stating that they had failed to protect him from two attacks by other inmates and failed to provide him with pain medication related to his injuries from those attacks (Doc. 1). Specifically he alleges that, beginning in April 2012 and continuing until June 2012, he made several

requests of prison officials to be transferred to protective custody or to be placed in a single segregation cell in an effort to prevent attacks by the Latin Folks gang (*Id*. at 10-14). According to the Plaintiff, he had been threatened by members of the gang, who had ordered a "hit" on him (*Id*. at 18). On May 15, 2012, the Plaintiff sent an emergency grievance to Defendant Atchison, concerning his fear (*Id*. at 13).

On July 2, 2012, the Plaintiff was attacked by an inmate with whom he shared a segregation cell (Doc. 1 at 14). On or around July 10, 2012, he submitted a second emergency grievance to Defendant Atchison (*Id*.; see also Doc. 50 at 20). He was attacked by a different gang member on July 17, 2012 (Doc. 1 at 14). After both attacks, he was taken to the health care unit, but not provided with pain medication (*Id*.). Additional grievances were filed on later dates.

B. **Procedural History**

In his complaint, as narrowed by a later threshold review by the Court (Doc. 7), Plaintiff alleges that Defendants Atchison, Whiteside, McDonnough, Hood, Ulen, Hudson, Baker, and Grott failed to protect him from the assaults, and that unknown health care officials failed to provide pain medication following the assault (*Id*. at 5). Defendant Butler was added for the purpose of identifying the unknown defendants (*Id*. at 8).

On January 16, 2015, Defendant Whiteside filed a motion for summary judgment on the basis of Plaintiff's failure to exhaust remedies (i.e., a "***Pavey*** motion") (Doc. 51).

*See Pavey v. Conley*, 544 F.3d 739, 740-41(7th Cir. 2008). On January 20, 2015, Defendants Atchison, Baker, Butler, Grott, Hoot, Hudson, and McDonnough (the remaining Defendants that had been served and named)[1] filed a separate *Pavey* motion (the "second *Pavey* motion") (Doc. 54). Plaintiff filed a response on February 19, 2015 (Doc. 58), and a *Pavey* hearing was conducted on July 9, 2015 (Doc. 70, *see* transcript at Doc. 74). On July 22, 2015, the Honorable Stephen C. Williams, United States Magistrate Judge, filed a Report and Recommendations ("R&R"), recommending that Whiteside's *Pavey* motion be granted and the second *Pavey* motion by the remaining Defendants be denied (Doc. 71). Plaintiff filed a timely objection on August 3, 2015 (Doc. 73).

Timely objections having been filed, the Court undertakes *de novo* review of the portions to the Report to which Plaintiff specifically objected. **28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b).** The undersigned can accept, reject, or modify the Magistrate Judge's recommendations, receive further evidence, or recommit the matter to the Magistrate Judge with instructions. *Id.* For the reasons stated below, the Court **ADOPTS** Magistrate Judge Williams' recommendations in their entirety.

### C. Plaintiff's Objection

Unsurprisingly, Plaintiff does not object to Magistrate Judge Williams' recommendation to deny the second *Pavey* motion. His objections are restricted to the

---

[1] To date, Defendant Ulen has not been served, and no longer appears to work for Menard (Docs. 17, 40, and 45).

recommendation of granting Defendant Whiteside's motion. As noted in the R&R, Plaintiff admitted that neither of his grievances mention or refer to Whiteside (Doc. 71 at 10). He reiterates this fact in his objection, but notes that, as a result of discovery, he has since learned that she failed to protect him from attack (Doc. 73 at 1-2). As a result, according to Plaintiff, Whiteside was "just as responsible for being negligent as the rest of the staff members" (*Id*. at 5).

The R&R discussed at some length the grievance procedure for inmates within the Illinois Department of Corrections. 20 ILL. ADMIN. CODE § 504.800 *et seq.* It requires, *inter alia* that grievances:

> shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(b). The Seventh Circuit has held that an inmate is required to provide enough information to serve a grievance's function of giving "prison officials a fair opportunity to address [an inmate's] complaints." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). In his grievances, Plaintiff neither names Whiteside nor describes her, because, at the time of his grievances were submitted, she was not contemplated as a party. Additionally, this Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir.2006).

As such, because Plaintiff did not exhaust his administrative remedies as to Defendant Whiteside, the claim against her must be dismissed without prejudice. **42 U.S.C. § 1997(e)(a).** *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

D. Conclusion

For the reasons stated above, the Court concludes that the Plaintiff failed to exhaust his administrative remedies as to Defendant Whiteside. As a result, the Court **REJECTS** Plaintiff's objections (Doc. 73), **ADOPTS** Magistrate Judge Williams' Report and Recommendation in its entirety (Doc. 71), **GRANTS** Defendant Whiteside's motion (Doc. 51), and **DENIES** Defendants Atchison, Baker, Butler, Grott, Hoot, Hudson, and McDonnough's motion (Doc. 54). Defendant Whiteside is **DISMISSED without prejudice.**

IT IS SO ORDERED.

DATED:    **August 18, 2015**

*s/ Michael J. Reagan*
Michael J. Reagan
Chief Judge
United States District Court